Richardson, J.,
delivered the opinion of the court.
The claimant, an officer of the Army, seeks to have certain specified periods of time credited to him for the computation of his longevity pay, and to recover the unpaid amount due him therefor upon that basis.
The accounting officers question his rig'ht thereto on the ground that it may be held that he was not legally in office during those periods and therefore not entitled to the emoluments.
Without passing upon the claim, the Second Comptroller certified to the Secretary of the Treasury that it involved controverted questions of law, and was one the decision of which would affect a class of cases and furnish a precedent for the future action of the Department, and the Secretary thereupon transmitted the same to this court, under the provisions of section 1063 of the Revised Statutes. The claimant has filed his petition according to the rules of the court.
Two divisions of the case are presented, each containing a. distinct subject of consideration:
1. From July 1, 1867, when an order honorably mustering the claimant out of service was by its terms to take effect, to September 30, 1867, when he was first notified of the fact,' and was actually discharged, he performed the duties of his office *595 to which he had been duly appointed. Also, from July 25, 1868, when his temporary appointment by the President alone, during a recess of the Senate, was rejected by the Senate’s advice against it, to September 30, 1868, when he was notified of that fact and was actually discharged, he performed the duties of the office to which he had been appointed.
He received his regular current pay through the accounting officers up to the latter date in each case, covering the time when he served after his discharge was ordered and before he had notice thereof.
In our opinion the accounting officers were right in their conclusion then, and it follows that the same periods of time must be credited to him in computing his longevity pay.
The discharge of an officer of the' Army does not take effect so as to relieve the government from its obligations to him until he is notified of the fact and is actually discharged from service. While he is retained in service without his fault, in ignorance of an order which dismisses him, he is to all intents and purposes so far an officer of the Army as to be entitled to-all compensations and emoluments of the office.
2. The first session of the Fortieth Congress began March 4, 1867; was adjourned March 30, 1867, to July 3, from which time it remained in session to .July 20, when it adjourned to November 21, and then met and continued in session to December 2,1867, when the second session commenced. (15 Stat. L., 1, 33.)
The claimant was appointed a paymaster in the Army by the President, without the advice and consent of the Senate, October 18,1867, when it appears that' the Senate was not in session, having been adjourned from July 20 to November 21. He entered upon the duties of the office to which he was thus-appointed and continued until his appointment was advised against by the Senate, July 25,1868, and until he was notified of the fact and was discharged.
By article 2, section 2, of the Constitution the President has the power to fill up all vacancies that may happen during the recess of the Senate by granting commissions which shall expire at the end of their next session. In re Farrow v. Bixby (3 Fed. R., 112).
We have no doubt that a vacancy occurring while the Senate was thus temporarily adjourned, from July 20 to November 21, 1867, could be. and was legally filled by appointment of the *596 President alone, and that the appointee legally held the office ■until he was notified of his rejection by the Senate at its next session — its regular session established by law, which began December 2, 1867.
The claimant was, therefore, legally appointed paymaster (by the President, and legally held the office until he was dis■charged, so far as the facts appear by the findings.
But on both divisions of the case it is immaterial whether the claimant was legally in office or not. He was in actual service under color of office, was recognized by the War Department as an officer, was treated as such by the Executive, and was paid his current pay as such with the concurrence of the War and Treasury Departments. According .to the decision in Bennett’s case (379 ante), and for the reasons there given, the claimant would be entitled to have the time of his actual service credited to him in the computation of his longevity pay, «even although he might have served without a commission which would entitle him to hold the office if his right to the •office were otherwise brought in question.
Judgment will be entered in favor of the claimant for the sum of $457.63.