# The President's Authority to Make a Recess Appointment to the National Labor Relations Board

The President may make a recess appointment to the National Labor Relations Board of a person whose term as a Senate-confirmed member expired during the current recess of the Senate.

August 31, 2001

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

You have asked whether the President may make a recess appointment to the National Labor Relations Board ("NLRB" or "Board") of a person whose term as a Senate-confirmed member expired during the current recess of the Senate. We believe that the President may make this recess appointment.

Members of the NLRB are appointed to five-year terms by the President, with the Senate's advice and consent. 29 U.S.C. § 153(a) (2000). As we understand the facts, the member in question had been serving under such an appointment for a term that ended August 27, 2001.

The Constitution provides that "[t]he President shall have Power to fill up all Vacancies that may happen during the Recess of the Senate, by granting Commissions which shall expire at the End of their next Session." U.S. Const. art. II, § 2, cl. 3. Here, the member's term has expired, and the office he previously occupied is vacant. And because there is no bar on reappointment and indeed the statute declares that "[e]ach member of the Board . . . shall be eligible for reappointment," 29 U.S.C. § 154(a), no question about eligibility to serve is raised by the recess appointment of someone who has been appointed before.

The Senate, moreover, is in "recess." It adjourned August 3, 2001, and will return September 4, 2001. 147 Cong. Rec. 16,196 (2001). "The longstanding view of the Attorneys General has been that the term 'recess' includes intrasession recesses if they are of substantial length." *Recess Appointments During an Intrasession Recess*, 16 Op. O.L.C. 15 (1992) ("*Intrasession Recess Appointments*"). The seminal 1921 opinion by Attorney General Daugherty affirmed the President's power to make a recess appointment in an intrasession recess of twenty-eight days. *Executive Power—Recess Appointments*, 33 Op. Att'y Gen. 20, 24 (1921). Since then, Presidents have acted on the conclusion that even much shorter intrasession recesses were sufficiently substantial to allow recess appointments. *See, e.g.*, *Intrasession Recess Appointments*, 16 Op. O.L.C. at 16 (discussing appointments during recesses of fifteen and eighteen days). Although there is scant judicial authority on the President's power to make recess appointments during intrasession recesses, *see Gould v. United States*, 19 Ct. Cl. 593, 595 (1884) (accepting such an appointment), the Executive Branch precedents establish that the current recess of thirty-two days could amply support a recess appointment.

182

Finally, the Pay Act, 5 U.S.C. § 5503 (2000), by which Congress has sought to bar the pay of recess appointees in some circumstances, would not apply here. Because the statute applies only "if the vacancy existed while the Senate was in session," *id.* § 5503(a), it does not reach a vacancy that first arises during a recess and is filled before the Senate returns. *See* Memorandum for the Attorney General, from John O. McGinnis, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Recess Appointments* at 7-8 (July 7, 1988); Memorandum for the Attorney General, from Ralph E. Erickson, Acting Assistant Attorney General, Office of Legal Counsel, *Re: Recess Appointments* at 3 (Dec. 21, 1971).

DANIEL L. KOFFSKY
*Acting Assistant Attorney General*
*Office of Legal Counsel*